```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

TYRONE JOHNSON,
   Petitioner,
                                       CIVIL ACTION NO.
   v.                                    20-11986-MBB

FMC DEVENS WARDEN A. BONCHER,
   Respondent.

**MEMORANDUM AND ORDER RE:**
**PETITION FOR WRIT OF HABEAS CORPUS**
**(DOCKET ENTRY # 1)**

**April 12, 2022**

**BOWLER, U.S.M.J.**

Pending before this court is a petition seeking a writ of habeas corpus (the "petition") filed by Tyrone Johnson ("petitioner"). (Docket Entry # 1). Petitioner seeks a judicial declaration naming his address in Saint Matthews, South Carolina as his approved, permanent address upon release from custody. (Docket Entry # 1). The United States of America, on behalf of A. Boncher, Warden at the Federal Medical Center in Devens, Massachusetts ("FMC Devens"), opposes the petition. (Docket Entry # 18).

<u>PROCEDURAL BACKGROUND</u>

On October 16, 2020, petitioner filed the petition pro se in the United States District Court for the District of South Carolina. (Docket Entry # 1). The petition is entitled

"Request to Retain Permenent [sic] Residency Status in Saint Matthews, South Carolina Area" and asks that, upon petitioner's release on probation or for compassionate release, he be permitted to "'retain' [his] Saint Matthews, South Carolina address as [his] '[p]ermanent' approved address."  (Docket Entry # 1, p. 2) (emphasis omitted).  Because petitioner's request was "construed as a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241," the petition was transferred to this district, where petitioner is housed.  See (Docket Entry # 7) (report and recommendation); (Docket Entry # 9) (order adopting report and recommendation).  This court ordered that the action proceed against FMC Devens Warden A. Boncher ("respondent"), "who was [petitioner]'s immediate custodian at the time [he] commenced this action."  (Docket Entry # 11, p. 2).

FACTUAL BACKGROUND

Petitioner is a native of Washington, D.C. and is an inmate housed at FMC Devens in Ayer, Massachusetts.  (Docket Entry # 1, p. 1).  At the time he filed the petition on October 16, 2020, he was 61 years old and had a motion for compassionate release pending.  (Docket Entry # 1, pp. 1-2).

According to petitioner's parole file with the United States Parole Commission (the "Commission"), he "was convicted in the Superior Court of the District of Columbia in 1993 . . .

2

for Assault with Intent to Commit Rape, Taking Indecent Liberties (3 counts), Sexual Performance Using a Minor (2 counts)[,] and Rape While Armed (2 counts)."  (Docket Entry # 18-1, p. 1).  Petitioner received an indeterminate, parole eligible sentence of up to 75 years imprisonment.  (Docket Entry # 18-1, p. 1).

The Commission granted petitioner parole in October 2009.  (Docket Entry # 18-1, p. 2).  After he violated the terms of his parole, the Commission issued a warrant for his arrest on January 19, 2012, which was executed on January 26, 2012.  (Docket Entry # 18-1, p. 2).  At that time, the Commission revoked petitioner's parole and ordered that he be presumptively paroled on March 25, 2024.  (Docket Entry # 18-1, p. 2).

Although petitioner is from Washington, D.C., he has not resided there for more than 30 years and no longer has family there.  (Docket Entry # 1, p. 1).  His only relatives are in South Carolina, where petitioner lived and worked prior to his probation violation and subsequent incarceration.  (Docket Entry # 1, pp. 1-2).

## DISCUSSION

Petitioner requests a judicial declaration that he is a permanent resident of South Carolina so that he be permitted to reside there, rather than Washington, D.C., upon his release from custody.  (Docket Entry # 1, p. 2).  Respondent opposes the

3

petition on the basis that there is no present case or controversy. (Docket Entry # 18).

I. The Parole Process

The Commission has "authority over District of Columbia Code offenders" such as petitioner, who was convicted in the Superior Court of the District of Columbia. See 28 C.F.R. § 2.70(a); see also (Docket Entry ## 1, 18-1). It has the "sole authority to grant parole[] and [] establish the conditions of release[] for all District of Columbia Code prisoners who are serving sentences for felony offenses[] and . . . eligible for parole by statute, including offenders who have been returned to prison upon the revocation of parole . . . ." 28 C.F.R. § 2.70(b). Additionally, "[t]he Commission, in its discretion, may parole any prisoner to live and remain in a jurisdiction other than the District of Columbia." 28 C.F.R. § 2.84.

A prisoner's presumptive parole date is "contingent upon an affirmative finding by the Commission that the prisoner has a continued record of good conduct and a suitable release plan . . . ." 28 C.F.R. § 2.12(d). As such, "[a]ll grants of parole [are] [] conditioned on the development of a suitable release plan and the approval of that plan by the Commission." 28 C.F.R. § 2.83(a). "[T]he proposed release plan [must] be submitted to the Commission 30 days prior to the prisoner's parole or mandatory release date." 28 C.F.R. § 2.83(c). The

4

Commission considers the following to determine whether a release plan is suitable:

> (1) [e]vidence that the parolee will have an acceptable residence;
> (2) [e]vidence that the parolee will be legitimately employed as soon as released; provided, that in special circumstances, the requirement for immediate employment upon release may be waived by the Commission;
> (3) [e]vidence that the necessary aftercare will be available for parolees who are ill, or who have any other demonstrable problems for which special care is necessary, such as hospital facilities or other domiciliary care; and
> (4) [e]vidence of availability of, and acceptance in, a community program in those cases where parole has been granted conditioned upon acceptance or participation in a specific community program.

28 C.F.R. § 2.83(e).

Petitioner's presumptive parole date is March 25, 2024, and there is no indication that the Commission has yet determined where he will reside upon release. See (Docket Entry # 18-1, p. 2). The requested judicial declaration is therefore premature at this time and would usurp the Commission's sole authority to establish the conditions of petitioner's release. See Alexander v. U.S. Parole Com'n, 514 F.3d 1083, 1091 (10th Cir. 2008) (holding that a district court decision requiring the Commission to begin the parole process was "a usurpation of authority vested in the Commission"). Petitioner should instead, at the appropriate time, indicate in his release plan that he wishes to return to South Carolina. The Commission would then determine

5

the suitability of his request in accordance with the regulations referenced above.

## II. Lack of Justiciable Case or Controversy

In addition, for the reasons set forth below, petitioner lacks standing to bring the petition because he has not shown any actual or imminent injury and therefore has not shown that there is any case or controversy before this court.

"Article III of the Constitution limits federal courts' jurisdiction to certain '[c]ases' and 'controversies.'" Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408 (2013) (quoting U.S. Const. art. III, § 2, cl. 1). As such, a district court may make judicial declarations only "[i]n a case of actual controversy within its jurisdiction. . . ." 28 U.S.C. § 2201(a). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" Clapper, 568 U.S. at 408 (quoting Raines v. Byrd, 521 U.S. 811, 818 (1997)). "Article III standing requires an injury that is (i) concrete, particularized, and actual or imminent, (ii) fairly traceable to the challenged action, and (iii) redressable by a favorable ruling." Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 130 (2010); see Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) ("[T]he plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b)

'actual or imminent, not "conjectural" or "hypothetical."'" (citations omitted)). To determine if a case presents an actual controversy, "district courts must examine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" In re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 638, 645 (1st Cir. 2019) (quoting Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)).

Petitioner alleges that, if he is not released to South Carolina, he "will become [h]omeless during [the] COVID-19 pandemic." (Docket Entry # 1, p. 2). As respondent notes, however, "there is no reason to believe that [petitioner] will not be allowed to reside in South Carolina upon his release." (Docket Entry # 18). According to respondent, the Commission "strongly prefers parolees to be released to districts where they have the best chance of succeeding on parole" and "recognizes the importance that family and community support plays in the success of a parolee." (Docket Entry # 18, p. 2) (Docket Entry # 18-1, p. 4). Because petitioner has a support network in South Carolina, respondent contends that his release thereto is "highly likely." (Docket Entry # 18, p. 3). Furthermore, petitioner has not alleged any facts suggesting

that the Commission intends to release him anywhere other than South Carolina.  Petitioner's assertions in the petition are therefore speculative and not ripe for review.  See Texas v. U.S., 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-81 (1985)).

Furthermore, because petitioner has yet to be released on parole and the Commission has yet to decide where he should live upon release, he has not suffered any injury in fact.  He also does not face an imminent injury, as his presumptive parole date is March 25, 2024, a little less than two years from now and more than three years from the time he filed the petition.  As such, there is no actual controversy to merit a judicial declaration.  See Clapper, 568 U.S. at 408; U.S. Const. art. III, § 2, cl. 1.

## CONCLUSION

For the foregoing reasons, the petition (Docket Entry # 1) is **DENIED**.

                                            /s/ Marianne B. Bowler
                                     **MARIANNE B. BOWLER**
                                     United States Magistrate Judge